John WHITE, Plaintiff,

v.

**ILLINOIS CENTRAL RAILROAD COMPANY, a Corporation, Defendant.**

**Civ. A. No. 3:93–CV–470BN.**

United States District Court,
S.D. Mississippi,
Jackson Division.

June 23, 1995.

J.P. Compretta, Bay St. Louis, MS, William J. Billeaud, Pratt, Bradford & Tobin, East Alton, IL, Charles Thomas Jones, Hugh Gibson, P.A., Eupora, MS, for plaintiff.

Charles T. Ozier, Wise, Carter, Child & Caraway, Jackson, MS, for defendant.

## ORDER

BARBOUR, Chief Judge.

■ This cause is before the Court on the Second Motion in Limine of the Defendant which seeks to exclude the testimony of two witnesses whom the Plaintiff intends to call. Before this suit was filed, Plaintiff's attorney sent an investigator to interview two of the employees of the Defendant without the permission of the attorneys for the Defendant. The investigator recorded the interviews and transcripts of them have been submitted with the Motion. Defendant asserts that interviewing the witnesses was a violation of Rule 4.2 of the Mississippi Rules of Professional Conduct. Plaintiff claims that 45 U.S.C. § 60 overrides Rule 4.2.

Rule 4.2 is entitled "Communication With Person Represented By Counsel" and states:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

The comment to Rule 4.2 states:

> In the case of an organization, this rule prohibits communications by a lawyer for one party concerning the matter in representation with persons having a managerial responsibility on behalf of the organization, and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization.

Title 45 U.S.C. § 60 provides:

> Any contract, rule, regulation, or device whatsoever, the purpose, intent, or effect of which shall prevent employees of any common carrier from furnishing voluntarily information to a person in interest as to the facts incident to the injury or death of any employee, shall be void and whoever, by threat, intimidation, order, rule, contract, regulation, or device whatsoever, shall attempt to prevent any person from furnishing voluntarily such information to a person in interest, or whoever discharges or otherwise disciplines or attempts to discipline any employee for furnishing voluntarily such information to a person in interest, shall, upon conviction thereof, be punished....

Ronald Long was the foreman of the crew on which the Plaintiff was working at the time he was injured. His act or omission, if any, might be imputed to the Defendant and his statement might constitute an admission on the part of the Defendant. Thus, it was improper under Rule 4.2 for the investigator hired by Plaintiff's attorney to have any communication with Long.

■ The other witness in question, Sammy Weaver, was a fellow employee of the Plaintiff at the time of the accident, but is no longer employed with Defendant. Since Mr. Weaver was not employed with the Defendant at the time of the interview, it was not improper to interview him. Even if Mr. Weaver had still been employed by Defendant at the time of the interview, it would not have been improper under Rule 4.2 for the

**120**

investigator to communicate with this witness unless Weaver had managerial responsibility (which he did not), unless his act or omission may be imputed to the Defendant (which under the circumstances it may not) or unless his statement would constitute an admission on the part of the Defendant (which it does not.)

Plaintiff cites *Garrett v. National Railroad Passenger Corp.*, No. 89–8326, 1990 WL 122911, 1990 U.S.Dist. LEXIS 10868 (E.D.Pa. Aug. 6, 1990), in which the court ruled that Rule 4.2 is rendered void by 45 U.S.C. § 60 as quoted above. This Court disagrees with that conclusion. The obvious purpose of Section 60 is to allow injured railroad workers to obtain needed information about accidents in which they have been involved from their co-workers and to protect those co-workers from retaliation by the railroad. The section is not meant to be an excuse for attorneys representing railroad workers to sidestep their ethical responsibilities as set forth in Rules of Professional Conduct. Rule 4.2 in no way prevents an injured railroad worker from obtaining needed information from his co-workers nor his co-workers from voluntarily furnishing such information. Such a Plaintiff may depose such co-workers or may request the attorney for the railroad to approve a simple interview.

■ Since the interview of Ronald Long was improper, the Court must address a proper remedy. The Court considers the request of the Defendant to prohibit the calling of the witness by the Plaintiff to be too drastic. After considering the statement taken from Mr. Long by the investigator, the Court concludes that a proper sanction will be to prohibit the use of the statement for impeachment purposes. Accordingly, Plaintiff's attorneys are directed not to mention the interview or the statement taken from Mr. Long in the presence of the jury.

SO ORDERED.